IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES HARRIS,

        Plaintiff,                 No. CIV S-09-1052 DAD P

    vs.

SERGEANT ORRICK,                ORDER AND

        Defendant.          FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. On August 17, 2009, defendant Orrick moved to dismiss this action, arguing that plaintiff's complaint fails to state a cognizable claim for relief. Plaintiff has filed an opposition and defendant has filed a reply.

**BACKGROUND**

        Plaintiff is proceeding on his original complaint against defendant Orrick. Therein, he alleges as follows. On June 24, 2008, defendant Orrick was the active sergeant on CSP-Solano's Yard II. According to plaintiff, defendant Orrick was aware that white inmates were going to attack black inmates in the "H" Dorm because she received a note stating as much. However, defendant Orrick failed to prevent the attack, thereby violating plaintiff's rights under the Eighth Amendment. (Compl. at 5 & Attachs.) Plaintiff requests damages in this regard.

1

**DEFENDANT'S MOTION TO DISMISS**

I. <u>Defendant's Motion</u>

Counsel for defendant Orrick argues that the court should dismiss this action because plaintiff's complaint fails to state a cognizable claim for relief under the Eighth Amendment. Specifically, defense counsel argues that plaintiff alleges in his complaint that defendant Orrick received a note indicating that white inmates were going to attack black inmates but does not allege that defendant Orrick failed to protect him, that he was attacked, or that he suffered any injuries as a result of an attack. (Def.'s Mot. to Dismiss at 4-6.)

Moreover, defense counsel argues that even if plaintiff had alleged that he suffered actual harm, he does not allege that defendant Orrick possessed a sufficiently culpable state of mind. At best, according to defense counsel, plaintiff's complaint is ambiguous on this point. Counsel also points out that, while on one hand, plaintiff claims that defendant Orrick intentionally endangered his life by failing to take action to prevent the attack, on the other hand, plaintiff stated to a prison official during the inmate appeals process that he did not believe defendant Orrick intentionally caused the situation. (Def.'s Mot. to Dismiss at 6.)

II. <u>Plaintiff's Opposition</u>

In his brief opposition to defendant's motion to dismiss, plaintiff appears to argue that he has been unable to obtain either a copy of the incident report regarding the attack at issue or a copy of his medical records. Plaintiff notes that he has, however, obtained a copy of his lock-up order, which indicates that he was moved to administrative segregation on June 28, 2008, because prison officials considered him an immediate threat to the safety of himself or others as well as a danger to institution security. (Pl.'s Opp'n to Def.'s Mot. to Dismiss at 1 & Attach.)

III. <u>Defendant's Reply</u>

In reply, counsel for defendant Orrick argues that plaintiff's complaint and his opposition to the pending motion fail to allege any facts regarding a constitutional violation.

2

1  Counsel reiterates that plaintiff has not alleged that defendant Orrick failed to protect him, that

2  plaintiff was attacked, or that plaintiff suffered any injuries as a result of an attack.  Moreover,

3  counsel argues that plaintiff's inability to obtain a copy of an incident report or his medical

4  records is irrelevant to the inquiry as to whether his complaint states a cognizable claim for relief.

5  (Def.'s Reply at 2-3.)

6                                              **ANALYSIS**

7  I.  Legal Standards Applicable to a Motion to Dismiss Pursuant to Rule 12(b)(6)

8              A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil

9  Procedure tests the sufficiency of the complaint.  North Star Int'l v. Arizona Corp. Comm'n, 720

10  F.2d 578, 581 (9th Cir. 1983).  Dismissal of the complaint, or any claim within it, "can be based

11  on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a

12  cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

13  See also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).  In order to

14  survive dismissal for failure to state a claim a complaint must contain more than "a formulaic

15  recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to

16  raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S.

17  544, 555 (2007).

18              In determining whether a pleading states a claim, the court accepts as true all

19  material allegations in the complaint and construes those allegations, as well as the reasonable

20  inferences that can be drawn from them, in the light most favorable to the plaintiff.  Hishon v.

21  King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S.

22  738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In the context of a

23  motion to dismiss, the court also resolves doubts in the plaintiff's favor.  Jenkins v. McKeithen,

24  395 U.S. 411, 421 (1969).  However, the court need not accept as true conclusory allegations,

25  unreasonable inferences, or unwarranted deductions of fact.  W. Mining Council v. Watt, 643

26  F.2d 618, 624 (9th Cir. 1981).

1    In general, pro se pleadings are held to a less stringent standard than those drafted

2  by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The court has an obligation to construe

3  such pleadings liberally.  Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).

4  However, the court's liberal interpretation of a pro se complaint may not supply essential

5  elements of the claim that were not pled.  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d

6  266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).

7  II.  Discussion

8    The Eighth Amendment prohibits the infliction of "cruel and unusual

9  punishments."  U.S. Const. amend. VIII.  The "unnecessary and wanton infliction of pain"

10  constitutes cruel and unusual punishment prohibited by the United States Constitution.  Whitley

11  v. Albers, 475 U.S. 312, 319 (1986).  See also Ingraham v. Wright, 430 U.S. 651, 670 (1977);

12  Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  Neither accident nor negligence constitutes cruel

13  and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good

14  faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."

15  Whitley, 475 U.S. at 319.

16    What is needed to show unnecessary and wanton infliction of pain "varies

17  according to the nature of the alleged constitutional violation."  Hudson v. McMillian, 503 U.S.

18  1, 5 (1992) (citing Whitley, 475 U.S. at 320).  To prevail on an Eighth Amendment claim the

19  plaintiff must show that objectively he suffered a "sufficiently serious" deprivation.  Farmer, 511

20  U.S. at 834; Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).  The plaintiff must also show that

21  subjectively each defendant had a culpable state of mind in allowing or causing the plaintiff's

22  deprivation to occur.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).

23    It is well established that "prison officials have a duty . . . to protect prisoners

24  from violence at the hands of other prisoners."  Farmer, 511 U.S. at 833.  "Being violently

25  assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offense

26  against society.'"  Id. at 834.  Prison officials do not, however, incur constitutional liability for

4

1   every injury suffered by a prisoner at the hands of another prisoner.  Id.  A prison official violates

2   the Eighth Amendment "only if he knows that inmates face a substantial risk of serious harm and

3   disregards that risk by failing to take reasonable measures to abate it."  Id. at 847.

4              Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

5   plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

6   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

7   Corp., 550 U.S. at 555.  Defense counsel moves to dismiss plaintiff's failure to protect claim

8   against defendant Orrick as groundless because, in counsel's view, plaintiff has failed to

9   sufficiently allege that the defendant failed to protect plaintiff, that plaintiff was even attacked, or

10  that plaintiff suffered any injuries as a result of an attack.  Counsel asserts that plaintiff has also

11  failed to allege that defendant Orrick possessed a sufficiently culpable state of mind.

12             To be sure, plaintiff's written allegations are brief, but he has attached to his

13  complaint copies of his administrative appeals and the responses by prison officials thereto.   The

14  incident reports and appeals make clear that plaintiff has always alleged that he was one of

15  several black inmates attacked by white inmates during the incident in question, that he was

16  injured as a result and that defendant Orrick was aware that the attack would take place in

17  advance but did nothing to prevent it.  Such attachments may properly be considered part of the

18  complaint.  See United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may,

19  however, consider certain materials - documents attached to the complaint, documents

20  incorporated by reference in the complaint, or matters of judicial notice - without converting the

21  motion to dismiss into a motion for summary judgment."); Hal Roach Studios v. Richard Feiner

22  & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (district court should consider attachments to a

23  complaint to be part of the complaint in deciding a motion to dismiss for failure to state a claim).

24             In his complaint, plaintiff alleges as follows.  On June 24, 2008, white inmates

25  attacked black inmates in the "H" Dorm.  Defendant Orrick was an active sergeant at the time of

26  the attack and knew that the attack was going to take place because she received a note stating as

much.  Plaintiff believes that defendant Orrick is responsible for the injuries he sustained during the attack because she failed to take action to prevent that attack or take any action to stop an immediate threat to plaintiff's personal welfare.  In this regard, plaintiff alleges that defendant Orrick intentionally endangered his life.  (Compl. at 5 & Attachs.)  While plaintiff has not alleged the extent of his injuries suffered, this is not fatal to his complaint.  Liberally construed, plaintiff's complaint states a cognizable claim for relief under the Eighth Amendment.  Accordingly, the motion to dismiss filed on behalf of defendant Orrick should be denied.

## CONCLUSION

IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that defendant's August 17, 2009 motion to dismiss (Doc. No. 12) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 4, 2009.

Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
harr1052.57

6