IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES HARRIS,

      Plaintiff,                   No. CIV S-09-1052 FCD DAD P

    vs.

ORRICK,

      Defendant.              <u>ORDER</u>

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action filed pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's request for the appointment of counsel.

        The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, however, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

        The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

1  light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,
2  1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).   Circumstances that
3  are common to most prisoners, such as lack of legal education and limited law library access, do
4  not establish exceptional circumstances that would warrant a request for voluntary assistance of
5  counsel.  In the present case, the court does not find the required exceptional circumstances and
6  will therefore deny plaintiff's request.
7            Accordingly, IT IS HEREBY ORDERED that plaintiff's August 6, 2010 motion
8  for the appointment of counsel (Doc. No. 24) is denied.
9  DATED: August 25, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

13  DAD:sj
    harr1052.31

2